**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GARDNER IRON AND METAL CO., INC.,** *Plaintiff* | § | |
| **v.** | § | **No. 1:25-cv-2000-RP** |
| **EVAN DELIVERY COMPANY, INC. AND COMMON SENSE LOGISTICS, LLC,** *Defendants* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Common Sense Logistics, LLC's ("CSL") motion to dismiss, Dkt. 9, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge **GRANT** the motion.

## I. BACKGROUND

Plaintiff Gardner Iron and Metal Co., Inc. ("Gardner") brings claims for breach of contract, negligence, breach of fiduciary duty, and fraud against Defendants CSL and Evans Delivery Company, Inc. ("Evans," and with CSL, "Defendants") based on Defendants' failure to ensure the delivery of products from Gardner to a customer. Dkt. 7, at 2-4. Gardner alleges that it hired CSL, a broker, to select a carrier to transport the goods but that CSL did not properly vet the delivery company that it

selected, Evans. *Id.* at 2. Gardner alleges that Defendants failed to arrange for adequate security when shipping the product, which never reached the intended destination and was also never returned to Gardner. *Id.*

Gardner initially filed this lawsuit in state court. Dkt. 1-2. Defendant CSL removed the case based on diversity jurisdiction. Dkt. 1.[1] CSL now moves to dismiss Gardner's claims for negligence, breach of fiduciary duty, and fraud, arguing that they are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). Dkt. 9, at 1 (citing 49 U.S.C. § 14501(c)). In its response, Gardner concedes that its claims for negligence and breach of fiduciary duty are "potentially" preempted by the FAAAA but argues that its fraud claim is not preempted because it pertains to alleged misrepresentations CSL made before it rendered any services for Gardner. Dkt. 10, at 1-4. In reply, CSL maintains that all of Gardner's extra-contractual claims are preempted by the FAAAA. Dkt. 12.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to

[1] The Court first has an independent duty to examine its own subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). Here, all parties are diverse and the amount in controversy exceeds the statutory minimum. Dkt. 1, at 2-3; 28 U.S.C. § 1332.

dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely

granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

CSL moves to dismiss Gardner's extra-contractual claims as preempted under the FAAAA. Dkt. 9. "[T]he doctrine of preemption is designed to foreclose a state cause of action that imposes different or additional requirements on a defendant when compared to federal requirements." *Hughes v. Bos. Sci. Corp.*, 631 F.3d 762, 771 (5th Cir. 2011). "The principal purpose of the FAAAA was 'to prevent States from undermining federal deregulation of interstate trucking' through a 'patchwork' of state regulations." *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 644 (9th Cir. 2014) (citation omitted); *see also Rowe v. N. H. Motor Transp. Ass'n*, 552 U.S. 364, 368 (2008) (noting that Congress passed the FAAAA "to pre-empt state trucking regulation"). The FAAAA preempts any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).[2] The preemption provision of the FAAAA is to be interpreted broadly. *Rowe*, 552 U.S. at 370; *see also Fahrenbach v. Green Planet Movers*, 682 F. Supp. 3d 109, 112 (D. Mass. 2023) ("The 'related to' test is an intentionally expansive one and encompasses those state laws that have a connection to or reference to, either directly or indirectly, the rates, routes, and services of motor carriers and/or brokers" (citing *Pelkey*, 569 U.S.at 260)).

[2] The FAAAA applies to both interstate and intrastate transportation of property. *See Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 256 (2013).

Here, Gardner's extra-contractual claims are all preempted by the FAAAA. First, Gardner's claims for negligence, breach of fiduciary duty, and fraud have the "the force and effect of law." 49 U.S.C. § 14501(c)(1); *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 282 (2014) (noting in context of the Airline Deregulation Act[3] that "a common-law rule clearly has 'the force and effect of law'"); *see also Reyes v. Martinez*, No. EP-21-CV-00069-DCG, 2021 WL 2177252, at *3 (W.D. Tex. May 28, 2021) ("It is clear that … state common-law negligence claims are 'law[s], regulation[s], or other provision[s] having the force and effect of law' within the [FAAAA].").

Second, Gardner's extra-contractual claims against CSL are all "related to a price, route, or service" CSL rendered to Gardner as a broker for the missing delivery. Dkt. 7, at 2-4; 49 U.S.C. § 14501(c)(1). Gardner's negligence claim arises from CSL's failure to "ensure that any carrier with which it brokered to perform the shipment had appropriate security protocols in place such that the shipment and delivery of the product would be accomplished successfully," which is "plainly" related to the "service" CSL provided as a broker. Dkt. 7, at 3; *Patterson v. Hunt Perfection LLC*, 768 F. Supp. 3d 781, 786 (S.D. Tex. 2025) (stating that "FAAAA preemption plainly applies" where "[t]he basis of Plaintiffs' claims against the brokers are that they were negligent when they chose [the carrier] for the freight hauling"). The breach-of-

[3] *See Rowe*, 552 U.S. 364, 370 (noting that in crafting the FAAAA's preemption provision Congress "copied the language of the air-carrier pre-emption provision of the Airline Deregulation Act of 1978"); *see also Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665, 668 (N.D. Ga. 1997) ("[T]he language Congress chose in drafting the preemption provisions of the FAAAA shows that Congress intended for the preemption provisions of the FAAAA to be applied in an identical manner as the preemption provision of the [Airline Deregulation Act].").

fiduciary-duty claim similarly arises from CSL's alleged failures in "render[ing] [its] services," resulting in the "failure to deliver the goods." Dkt. 7, at 3; *Ragar Transp., Ltd. v. Lear Corp.*, No. 5:17-CV-52, 2021 WL 4502316, at *10, *12 (S.D. Tex. Sept. 30, 2021) (finding claim for breach of fiduciary duty concerning "broker's services" in "arranging for the transportation of property" preempted by the FAAAA).

While Gardner does not contest that its claims for negligence and breach of fiduciary duty are preempted by the FAAAA, it maintains that its fraud claim is not preempted because it does not relate to any "service" CSL provided but rather to earlier misrepresentations CSL made to induce Gardner to enter into a contract with CSL. Dkt. 10, at 1-2. In its amended complaint, Gardner alleges that CSL falsely represented that all shipments were insured to a certain amount when it in fact insured the at-issue goods for a lesser amount. Dkt. 7, at 3-4. Regardless of whether CSL made the allegedly fraudulent misrepresentation before or after the parties entered into a brokerage contract, Gardner's claim nonetheless relates to the "service" CSL promised to provide as a broker. *Id.*; 49 U.S.C. § 14501(c)(1); *Mammoth Mfg. Inc. v. C.H. Robinson Worldwide, Inc.*, No. CIV-16-1009-HE, 2017 WL 1047363, at *1 (W.D. Okla. Mar. 17, 2017) (finding fraud claim based on "several allegedly false representations made by [broker], either on its website or through its personnel, leading up to the oral agreement" preempted by the FAAAA); *see also Huntington Operating Corp. v. Sybonney Exp., Inc.*, No. CIV.A. H-08-781, 2010 WL 1930087, at *3 (S.D. Tex. May 11, 2010) (finding non-contractual claims arising from broker's "fail[ure] to ensure adequate insurance coverage" for stolen shipment preempted by

FAAAA). That Gardner's fraud claim is preempted by the FAAAA is bolstered by the Supreme Court's distinction between suits involving alleged "violation[s] of state-imposed obligations," which are preempted, as opposed to those "seeking recovery solely for the [defendant's] alleged breach of its own, self-imposed undertakings," which are not. *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995) (examining preemption under the Airline Deregulation Act).[4] The undersigned concludes that Gardner's fraud claim is also preempted by the statute.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** CSL's motion to dismiss, Dkt. 9. Gardner's claims for negligence, breach of fiduciary duty, and fraud should be dismissed with prejudice.

The referral of this case to the undersigned should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U. S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is

[4] Moreover, courts that have found tort claims not preempted by the FAAAA have generally done so in the context of claims based on personal injury or that fall within the safety-regulatory exception, neither of which applies here. *See Farfan v. Old Dominion Freight Line, Inc.*, 744 F. Supp. 3d 763, 767-78 (S.D. Tex. 2024) (collecting cases).

served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 25, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE